IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| RAMIRO DELREAL CONTRERAS,<br># 298525, | ) | |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:20-cv-1019-ECM-JTA |
| | ) | (WO) |
| JIMMY THOMAS, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Alabama inmate Ramiro Delreal Contreras has filed a petition for writ of habeas

corpus under 28 U.S.C. § 2254 challenging his conviction for felony murder. (Doc. No.

1.)[1] For the reasons discussed below, the court recommends that Contreras's petition be

denied and that this case be dismissed with prejudice.

## I.   BACKGROUND

**A.   State Court Proceedings**

In August 2012, a Lee County grand jury indicted Contreras for capital murder for

causing the death of a victim who was under 14 years of age, in violation of Ala. Code §

13A-5-40(a)(15). (Doc. No. 9-1 at 17–18.) That charge arose from evidence showing that

A.Z., the four-year-old daughter of Contreras's girlfriend, died from blunt-force trauma to

---

[1] References to documents in this case are designated as "Doc. No." Pinpoint citations refer to
page numbers affixed electronically by the CM/ECF filing system and may not correspond to
pagination on copies submitted for filing.

her abdomen sustained while she was in Contreras's care, and that Contreras admitted to

an investigating officer that he had "accidentally" kicked A.Z. in the stomach "full force."

(Doc. No. 9-6 at 103–04; *see* Doc. No. 9-7 at 183–84.) Contreras further admitted that he

did not report the incident to anyone. (Doc. No. 9-6 at 104.)

Contreras's case was tried in December 2014. (Doc. No. 9-2 at 181.) After the

presentation of evidence, the trial court instructed the jury on the capital murder charge in

the indictment. (Doc. No. 9-9 at 40–43.) Over objection by Contreras's counsel, the court

also instructed the jury on the lesser-included offense of felony murder, as defined by Ala.

Code § 13A-6-2(a)(3).[2] (*Id*.) At the time of Contreras's trial § 13A-6-2(a)(3) provided:

> A person commits the crime of murder if he or she does any of the following:
>    . . . .
>
> (3) He or she commits or attempts to commit arson in the first
> degree, burglary in the first or second degree, escape in the first
> degree, kidnapping in the first degree, rape in the first degree,
> robbery in any degree, sodomy in the first degree, *any other*
> *felony clearly dangerous to human life* and, in the course of
> and in furtherance of the crime that he or she is committing or
> attempting to commit, or in immediate flight therefrom, he or
> she, or another participant if there be any, causes the death of
> any person.

Ala. Code § 13A-6-2(a)(3) (emphasis added).

The trial court's felony murder instruction was predicated on Contreras's

commission of the underlying felony of aggravated child abuse, as defined by Ala. Code §

---

[2] The trial court also instructed the jury on the lesser-included offenses of reckless manslaughter
and criminally negligent homicide. (Doc. No. 9-9 at 43–45.)

26-15-3.1.[3] Under the version of § 13A-6-2(a)(3) in effect at the time of Contreras's trial, aggravated child abuse was not specifically enumerated as a predicate felony for felony murder. However, that offense was considered to be a predicate felony under the statute's residual clause applying to any felony "clearly dangerous to human life."[4] On December 12, 2014, the jury returned a verdict finding Contreras guilty of the lesser-included offense of felony murder as proscribed by § 13A-6-2(a)(3). (Doc. No. 9-9 at 74.) On February 11, 2015, the trial court sentenced Contreras to 50 years in prison. (Doc. No. 9-9 at 93–94.)

Contreras appealed, arguing that the trial court erred by instructing the jury on felony murder. (Doc. No. 9-10.) Specifically, Contreras argued that, under Alabama's "merger doctrine," aggravated child abuse could not serve as the underlying felony for the offense of felony murder. (*Id*. at 15–27.) In *Barnett v. State*, 783 So. 2d 927, 930 (Ala. Crim. App. 2000), the Alabama Court of Criminal Appeals held that "felonious assaults that result in the victim's death merge with the homicide and therefore cannot serve as an underlying felony for purposes of the felony-murder rule." Under *Barnett*, the critical

_____

[3] Alabama's aggravated child abuse statute, provides: "A responsible person, as defined in Section 26-15-2, commits the crime of aggravated child abuse if he or she . . . violates the provisions of Section 26-15-3 which causes serious physical injury, as defined in Section 13A-1-2, to the child." Ala. Code § 26-15-3.1. A responsible person is defined as "[a] child's natural parent, stepparent, adoptive parent, legal guardian, custodian, or any other person who has the permanent or temporary care or custody or responsibility for the supervision of a child." Ala. Code § 26-15-2. A person violates Ala. Code § 26-15-3 if he or she "torture[s], willfully abuse[s], cruelly beat[s], or otherwise willfully maltreat[s] any child under the age of 18 years." A serious physical injury is defined as a "[p]hysical injury which creates a substantial risk of death, or which causes serious and protracted disfigurement, protracted impairment of health, or protracted loss or impairment of the function of any bodily organ." Ala. Code § 13A-1-2.

[4] Effective May 1, 2016, § 13A-6-2(a)(3) was amended to include aggravated child abuse under § 26-15-3.1 as an enumerated predicate felony. The residual clause language covering any felony "clearly dangerous to human life" remains in the amended version of the statute.

3

inquiry is whether "the elements of the underlying felony [are] independent of the homicide." 783 So. 2d at 930.

On July 8, 2106, the Alabama Court of Criminal Appeals issued an opinion affirming Contreras's conviction, finding no error in the trial court's jury instruction on felony murder predicated on Contreras's commission of aggravated child abuse as the underlying felony. *Contreras v. State*, 257 So. 3d 337 (Ala. Crim. App. 2016). The Court of Criminal Appeals reasoned that the merger doctrine announced in *Barnett* did not apply in Contreras's case, because the elements of his aggravated child abuse were sufficiently independent of the homicide. *See* 257 So. 3d at 341–42. Contreras applied for rehearing, which was overruled. (Doc. Nos. 9-14 & 9-15.) He then filed a petition for writ of certiorari with the Alabama Supreme Court, which was initially granted but was later quashed. (Doc. Nos. 9-16, 9-17 & 9-21.) A certificate of judgment issued on February 21, 2018. (Doc. Nos. 9-22 & 9-23.)

On February 20, 2019, Contreras, represented by counsel, filed a petition in the trial court seeking relief from his conviction and sentence under Rule 32 of the Alabama Rules of Criminal Procedure. (Doc. No. 9-24 at 5–13.) In his Rule 32 petition, Contreras argued that (1) the "residual clause" language in Alabama's felony murder statute, § 13A-6-2(a)(3), defining a predicate felony to include "any other felony clearly dangerous to human life," was unconstitutionally vague as applied to him; and (2) his counsel was ineffective for not raising this issue at trial and on appeal. (Doc. No. 9-24 at 7–12.)

On November 15, 2019, the trial court entered an order denying Contreras's Rule 32 petition, finding that his challenge to the constitutionality of § 13A-6-2(a)(3) was

precluded by Ala. R. Crim. P. 32.2(a)(3) & (a)(5) because the claim could have been, but was not, raised at trial and on direct appeal, and that the claim was also meritless because § 13A-6-2(a)(3)'s residual clause was not unconstitutionally vague. (Doc. No. 9-24 at 27–29.) The court further found that Contreras's claim of ineffective assistance of counsel was meritless due to the lack of merit in his underlying constitutional challenge to § 13A-6-2(a)(3)'s residual clause. (*Id.* at 28–29.)

Contreras appealed the denial of his Rule 32 petition, pursuing the claims he raised in his petition. (Doc. No. 9-25.) On July 10, 2020, the Alabama Court of Criminal Appeals issued an opinion affirming the trial court's judgment denying Contreras's Rule 32 petition. *Contreras v. State*, 328 So. 3d 911 (Ala. Crim. App. 2020). Contreras applied for rehearing, which was overruled. (Doc. Nos. 9-29 & 9-30.) His petition for writ of certiorari was denied by the Alabama Supreme Court on December 11, 2020. (Doc. Nos. 9-31 & 9-32.)

**B.    Contreras's § 2254 Petition**

On December 11, 2020, through counsel, Contreras initiated this habeas action by filing this § 2254 petition. (Doc. No. 1.) In his petition, Contreras again claims that the residual clause language in Alabama's felony murder statute, Ala. Code § 13A-6-2(a)(3), is unconstitutionally vague and that his attorneys were ineffective for not raising this claim at trial and on direct appeal. (Doc. No. 1 at 4–8.) Respondents answer that Contreras's argument regarding § 13A-6-2(a)(3)'s constitutionality is procedurally defaulted and that the state court's denial of his ineffective assistance of counsel claim did not result in a decision contrary to, or involving an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. (Doc. No. 9 at 7–22.)

5

## II.   DISCUSSION

### A.        Procedural Default: Adequate and Independent State Grounds

Respondents contend that Contreras's freestanding challenge to the constitutionality of § 13A-6-2(a)(3)'s residual clause is procedurally defaulted because the Alabama Court of Criminal Appeals invoked a state procedural bar in rejecting the claim and that bar provided an adequate and independent state ground for denying relief. (Doc. No. 9 at 7–12.)

Federal habeas review may be unavailable for claims that a state court has rejected on state procedural grounds. *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). When a state prisoner fails to follow state procedural rules, thereby procedurally defaulting on a claim, the authority of federal courts to review the prisoner's state court criminal conviction is "severely restricted." *Johnson v. Singletary*, 938 F.2d 1166, 1173 (11th Cir. 1991). "Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief." *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992). "[T]he adequate and independent state-ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law." *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989). This doctrine, "curtails reconsideration of the federal issue on federal habeas as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision. In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and

comity." *Id*. To bar federal review, the state procedural bar must have been "firmly

established and regularly followed" at the time of the alleged default. *Ford v. Georgia*, 498

U.S. 411, 424 (1991).

In its opinion affirming the trial court's denial of Contreras's Rule 32 petition, the

Alabama Court of Criminal Appeals held that Contreras's substantive claim challenging

the constitutionality of § 13A-6-2(a)(3)'s residual clause was procedurally barred under

Ala. R. Crim. P. 32.2(a)(3) & (a)(5) because Contreras did not raise the claim at trial or on

direct appeal. *Contreras*, 328 So. 3d at 915. The Court of Criminal Appeals' application of

this procedural bar was an adequate and independent state procedural ground for denying

relief on this claim. *See Harris*, 489 U.S. at 264 n.10. This procedural bar, moreover, is

firmly established and regularly followed by Alabama appellate courts. *See, e.g., Hooks v.

State*, 21 So. 3d 772, 794 (Ala. Crim. App. 2008); *Horsley v. State*, 675 So. 2d 908, 909

(Ala. Crim. App. 1996); *see also Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002)

("The district court correctly determined that the claims . . . are procedurally defaulted

under Rules 32.2(a)(3) and (5) because they were not raised either at trial or on appeal.").

Consequently, Contreras's direct challenge to the constitutionality of § 13A-6-2(a)(3)'s

residual clause is procedurally defaulted.

A habeas petitioner can overcome a procedural default by showing cause for the

default and resulting prejudice. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Cause for a

procedural default ordinarily turns on whether the petitioner can show that some objective

factor external to the defense impeded efforts to comply with the state's procedural rules.

*Id*. To establish prejudice, a petitioner must show that the errors worked to his "actual and

substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions." *Id.* at 494 (internal quotations and emphasis omitted).

Although Contreras does not expressly argue cause to excuse his procedural default of his substantive claim challenging the constitutionality of § 13A-6-2(a)(3)'s residual clause, he does assert a claim that his counsel was ineffective for not raising this issue at trial and on direct appeal. (Doc. No. 1 at 4–8.) Contreras raised this ineffective assistance claim in his Rule 32 petition and pursued the claim on appeal from the denial of that petition. If properly raised in the state courts, ineffective assistance of counsel may constitute cause excusing a procedural default. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). In addressing the merits of Contreras's ineffective assistance claim, the state courts considered, and rejected, the merits of his substantive claim challenging the constitutionality of § 13A-6-2(a)(3)'s residual clause.[5] This court, in addressing the merits of Contreras's ineffective assistance claim, will consider the merits of the same substantive claim considered by the state courts. Because, as explained below, the court finds Contreras fails to demonstrate that he received ineffective of counsel, he does not establish cause excusing his procedural default of his substantive claim.

## B.     AEDPA Standard of Review for Claims Adjudicated on Merits

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes "a highly deferential standard for evaluating state-court rulings" and "demands that state-court

---

[5] Although the state courts addressed the merits of Contreras's claim challenging the constitutionality of § 13A-6-2(a)(3)'s residual clause, their clear basis for denying relief on the claim was that it was procedurally barred under Ala. R. Crim. P. 32.2(a)(3) & (a)(5). *See Contreras*, 328 So. 3d at 915.

decisions be given the benefit of the doubt." *Felkner v. Jackson*, 562 U.S. 594, 598 (2011)

(quotes and cite omitted). This court cannot disturb state court rulings on fully adjudicated

constitutional issues unless they:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This is a highly deferential, "difficult to meet" standard that

petitioners must overcome. *Harrington v. Richter,* 562 U.S. 86, 102 (2011); *Cullen v.*

*Pinholster*, 563 U.S. 170, 180 (2011). A federal habeas court "may not issue the writ simply

because that court concludes in its independent judgment that the relevant state-court

decision applied clearly established federal law erroneously or incorrectly." *Greene v.*

*Upton*, 644 F.3d 1145, 1154 (11th Cir. 2011) (citation omitted). Rather, "[a]s a condition

for obtaining habeas corpus from a federal court, a state prisoner must show that the state

court's ruling on the claim being presented in federal court was so lacking in justification

that there was an error well understood and comprehended in existing law beyond any

possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103 (quoted in *Hill v.*

*Humphrey*, 662 F.3d 1335, 1345 (11th Cir. 2011) (en banc)).

This court also must presume state court factual determinations to be correct;

petitioners must rebut that presumption by clear and convincing evidence. 28 U.S.C. §

2254(e). "'[A] state-court factual determination is not unreasonable merely because the

federal habeas court would have reached a different conclusion in the first instance.'" *Burt v. Titlow*, 571 U.S. 12, 15 (2013) (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)).

## C.  Contreras's Ineffective Assistance of Counsel Claim

In his § 2254 petition, as he did in his Rule 32 petition and in his appeal from the denial of his Rule 32 petition, Contreras claims his counsel was ineffective for failing to argue at trial and on direct appeal that the residual clause in Alabama's felony murder statute, Ala. Code § 13A-6-2(a)(3), is unconstitutionally vague as applied to him. (Doc. No. 1 at 6.) In Contreras's Rule 32 appeal, the Alabama Court of Criminal Appeals held that his counsel was not ineffective for failing to raise this issue, because § 13A-6-2(a)(3)'s residual clause was not unconstitutionally vague.

### 1.  *Strickland's Standard for Claims of Ineffective Assistance of Counsel*

In finding Contreras's ineffective assistance of counsel claim to be meritless, the Alabama Court of Criminal Appeals followed the standards of *Strickland v. Washington*, 466 U.S. 668 (1984), the controlling legal authority to be applied to ineffective assistance claims. *See Contreras*, 328 So. 3d at 915. Under *Strickland*, a petitioner alleging ineffective assistance of counsel must show both that his counsel's performance was deficient, and that the deficient performance prejudiced him. *Strickland*, 466 U.S. at 687. Performance is deficient when it falls below "an objective standard of reasonableness and [is] outside the wide range of professionally competent assistance." *Johnson v. Sec'y, DOC*, 643 F.3d 907, 928 (11th Cir. 2011) (internal quotation marks omitted). Generally speaking, to establish prejudice a petitioner must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*,

466 U.S. at 694. Unless a petitioner satisfies the showings required under both the performance and prejudice prongs of *Strickland*, relief on an ineffective-assistance claim should be denied. *Id.* at 687. Once a court decides that one of the requisite showings under *Strickland* has not been made, it need not decide whether the other one has been. *Id.* at 697; *see Clark v. Comm'r, Alabama Dep't of Corr.*, 988 F.3d 1326, 1331 (11th Cir. 2021). A federal court's § 2254 review under *Strickland* is another step removed from the original analysis, or as the Supreme Court puts it, "doubly deferential." *Burt v. Titlow*, 571 U.S. 12, 15 (2013) (quotation marks and citation omitted); *see Tanzi v. Sec'y, Florida Dep't of Corr.,* 772 F.3d 644, 652 (11th Cir. 2014) (quoting *Burt*).

### 2.     *Opinion of State Court in Contreras's Rule 32 Appeal*

The Alabama Court of Criminal Appeals in Contreras's Rule 32 appeal discussed the doctrine of vagueness under the due process clause of the Fourteenth Amendment, citing *Lanzetta v. New Jersey*, 306 U.S. 451 (1939), and other federal and Alabama cases for the proposition that the void-for-vagueness doctrine requires a criminal statute to define an offense "with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Contreras*, 328 So. 3d at 916 (citing, e.g., *Kolender v. Lawson*, 461 U.S. 352, 357 (1983)). Those cases recognize that "[a] statute challenged for vagueness must therefore be scrutinized to determine whether it provides both fair notice to the public that certain conduct is proscribed and minimal guidelines to aid officials in the enforcement of that proscription." *Id*. (citing *Kolender* and *Grayned v. City of Rockford*, 408 U.S. 104

(1972)). The Alabama Court of Criminal Appeals noted that the prohibition against excessive vagueness

> """"does not invalidate every statute which a reviewing court believes could have been drafted with greater precision. Many statutes will have some inherent vagueness, for "[i]n most English words and phrases there lurk uncertainties." *Robinson v. United States*, 324 U.S. 282, 286, 65 S. Ct. 666, 668, 89 L. Ed. 944 (1945). Even trained lawyers may find it necessary to consult legal dictionaries, treatises, and judicial opinions before they may say with any certainty what some statutes may compel or forbid.'""

"*Sterling v. State*, 701 So. 2d 71, 73 (Ala. Crim. App. 1997), quoting *Culbreath v. State*, 667 So. 2d 156, 158 (Ala. Crim. App. 1995), abrogated on other grounds by *Hayes v. State*, 717 So. 2d 30 (Ala. Crim. App. 1997), quoting in turn, *Rose v. Locke*, 423 U.S. 48, 49–50, 96 S. Ct. 243, 46 L. Ed. 2d 185 (1975).

> """Mere difficulty of ascertaining its meaning or the fact that it is susceptible of different interpretations will not render a statute or ordinance too vague or uncertain to be enforced."' *Scott & Scott, Inc. v. City of Mountain Brook*, 844 So. 2d 577, 589 (Ala. 2002), quoting *City of Birmingham v. Samford*, 274 Ala. 367, 372, 149 So. 2d 271, 275 (1963). The judicial power to declare a statute void for vagueness 'should be exercised only when a statute is so incomplete, so irreconcilably conflicting, or so vague or indefinite, that it cannot be executed, and the court is unable, by the application of known and accepted rules of construction, to determine, with any reasonable degree of certainty, what the legislature intended.' *Jansen v. State ex rel. Downing*, 273 Ala. 166, 170, 137 So. 2d 47, 50 (1962)."

*Contreras*, 328 So. 3d at 916–17 (quoting *Vaughn v. State*, 880 So. 2d 1178, 1194–96 (Ala. Crim. App. 2003)).

Observing that Contreras's void-for-vagueness argument relied on the United States Supreme Court's holdings in *Johnson v. United States*, 576 U.S. 591 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), the Alabama Court of Criminal Appeals discussed those decisions in depth. *See Contreras*, 328 So. 3d at 917–23. In *Johnson*, the Supreme Court

held that the residual clause in 18 U.S.C. § 924(e)(2)(B), which defined the term "violent felony" for purposes of the Armed Career Criminal Act ("ACCA"), was unconstitutionally vague. *See* 576 U.S. at 597. In *Dimaya*, the Supreme Court applied the reasoning of *Johnson* to find that the residual clause of the "crime of violence" definition in 18 U.S.C. § 16(b) was unconstitutionally vague. *See* 138 S. Ct. at 1210–11.

In Contreras's case, after considering the rationale of the holdings in *Johnson* and *Dimaya,* the Alabama Court of Criminal Appeals concluded that the residual clause in Alabama's felony murder statute, § 13A-6-2(a)(3), did not have the same infirmities that rendered the residual clauses in 18 U.S.C. § 924(e)(2)(B) (*Johnson*) and 18 U.S.C. § 16(b) (*Dimaya*) unconstitutionally vague. The Court of Criminal Appeals reasoned:

> The residual clause in § 13A-6-2(a)(3) does not have the same two infirmities that rendered the residual clauses in 18 U.S.C. § 924(e)(2)(B) and 18 U.S.C. § 16(b) unconstitutionally vague—uncertainty about how to estimate the risk posed by a crime and uncertainty about how much risk it takes for a crime to qualify as a covered crime. Although one of those infirmities is present in § 13A-6-2(a)(3)—uncertainty in how much risk it takes for a crime to qualify as one "clearly dangerous to human life"—the United States Supreme Court made it clear in both *Johnson* and *Dimaya* that uncertainty in how much risk it takes for a crime to qualify as a covered crime does not render a statute unconstitutionally vague if the test used by courts to make that determination is based on real-world conduct, as opposed to an idealized version of the crime. As the California Court of Appeals explained in addressing a similar challenge to California's felony-murder statute:
>
>> "A close reading of *Johnson* illuminates the critical difference between how a court assesses crimes under the residual clause [in 18 U.S.C. § 924(e)(2)(B)] and the second degree felony-murder rule [which, similar to Alabama's felony-murder statute, proscribes the killing of another person during the commission of a felony that is inherently dangerous to human life]. As discussed above, *Johnson* held the core infirmity with the ACCA residual clause is that it anchors risk to hypothetical facts. That is, the residual clause impermissibly 'ties the

13

> judicial assessment of risk to a judicially imagined "ordinary case" of a crime, not to real-world facts or statutory elements.' (*Johnson, supra*, [576 U.S. at 596].) <u>Implicit in this holding is that a crime is not unconstitutionally vague if a court assesses risk by one of two alternative methods: consideration of the real-world facts underlying the conviction or consideration of the statutory elements of the crime</u>."

*People v. Frandsen*, 33 Cal. App. 5th 1126, 1143, 245 Cal. Rptr. 3d 658, 673 (2019) (some emphasis omitted; some emphasis added).

In *Ex parte Mitchell*, 936 So. 2d 1094 (Ala. Crim. App. 2006), this Court adopted a factual approach to determining whether a crime is clearly dangerous to human life under § 13A-6-2(a)(3). "'[T]he trier of fact consider[s] the facts and circumstances of the particular case to determine if such felony was inherently dangerous in the manner and the circumstances in which it was committed.'" *Ex parte Mitchell*, 936 So. 2d at 1101 (quoting *State v. Stewart*, 663 A.2d 912, 919 (R.I. 1995)).

> "Under this Court's decision in *Mitchell*, 936 So. 2d at 1101, a person commits felony murder under § 13A-6-2(a)(3), Ala. Code 1975, if that person or another participant in the crime causes the death of any person during the commission of an enumerated felony or during the commission of an unenumerated 'felony [that was committed in a manner that was] clearly dangerous to human life.' § 13A-6-2(a)(3), Ala. Code 1975."

*Washington v. State*, 214 So. 3d 1225, 1229 (Ala. Crim. App. 2015). The factual approach Alabama uses was implicitly recognized in *Johnson* as constitutional when the United States Supreme Court rejected the government's argument that the holding in *Johnson* would render unconstitutional "dozens of federal and state criminal laws us[ing] terms like 'substantial risk,' 'grave risk,' and 'unreasonable risk.'" 576 U.S. at [603–04], 135 S. Ct. at 2561. The Court in *Johnson* specifically noted that those "cited laws require gauging the riskiness of conduct in which an individual defendant engages <u>on a particular occasion</u>," and that it did "not doubt the constitutionality of laws that call for the application of a qualitative standard such as 'substantial risk' to real-world conduct." 576 U.S. at [603–04], 135 S. Ct. at 2561. Because Alabama uses real-world conduct, not an idealized version of the crime, to gauge the risk posed by the crime, the circuit court correctly found that the residual clause in § 13A-6-2(a)(3) is not unconstitutionally vague as applied to Contreras.

We note that, in his brief on appeal, Contreras points out that our decision in *Ex parte Mitchell, supra*, which the circuit court cited in its order, predates the United States Supreme Court's decisions in *Johnson* and *Dimaya*. Although Contreras is correct that *Ex parte Mitchell* was decided almost a decade before *Johnson* and *Dimaya*, that has no impact on our reliance on *Ex parte Mitchell* or our ultimate holding that § 13A-6-2(a)(3) is not unconstitutionally vague. This Court in *Ex parte Mitchell* did not address the constitutionality of the residual clause in § 13A-6-2(a)(3); we simply adopted the fact-based approach for determining whether a felony is clearly dangerous to human life. And neither *Johnson* nor *Dimaya* directly addressed the propriety of a state adopting such a fact-based approach, although they both clearly indicated that such an approach could save a statute from unconstitutional vagueness. Therefore, neither *Johnson* nor *Dimaya* affects our holding in *Ex parte Mitchell* adopting a fact-based approach for determining whether a felony is clearly dangerous to human life under § 13A-6-2(a)(3).

*Contreras*, 328 So. 3d at 922–23.

The Alabama Court of Criminal Appeals held that, because § 13A-6-2(a)(3)'s residual clause was not unconstitutionally vague, Contreras's counsel was not ineffective for failing to raise such a claim at trial and on direct appeal. *Contreras*, 328 So. 3d at 923. Contreras fails to show that this holding by the Court of Criminal Appeals resulted in a decision that was "contrary to or involved an unreasonable application of clearly established Federal law, as determined by the United States Supreme Court, or . . . [was] based on an unreasonable determination of the facts in light of the evidence presented in state court." *See Dunn v. Madison*, 138 S. Ct. 9, 11 (2017); 28 U.S.C. § 2254(d) (1), (2). At the time of Contreras's trial and when he filed his direct appeal, no controlling United States Supreme Court authority established that § 13A-6-2(a)(3)'s residual clause was unconstitutionally vague, and no controlling authority prohibited the residual clause in that statute from being applied on a case-specific basis where the trier of fact is asked to decide

15

whether the defendant's real-world conduct was "clearly dangerous to human life." Such a claim would have failed if raised in the state courts. An attorney cannot be ineffective for failing to raise a claim that would fail on the merits.[6] *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001).

With specific regard to *Strickland*'s performance prong, neither *Johnson* nor *Dimaya* had been decided by the Supreme Court when Contreras was tried and when he filed his direct appeal. Although *Johnson* was decided while Contreras's direct appeal was pending, the Supreme Court's invalidation of the residual clause in a federal statute defining the term "violent felony" for purposes of the ACCA was, at best, only remotely suggestive of the plausibility of a claim challenging § 13A-6-2(a)(3)'s residual clause on vagueness grounds. In the immediate wake of *Johnson*, the connection between *Johnson*'s holding and the language in Alabama's felony murder statute was too attenuated to find that counsel acted outside the wide range of professionally competent assistance, *see Strickland*, 466 U.S. at 689, by failing to assert a claim challenging § 13A-6-2(a)(3)'s residual clause on vagueness grounds. Further, as observed by the Alabama Court of Criminal Appeals in Contreras's Rule 32 appeal, *Johnson* contained language indicating that a crime is not unconstitutionally vague if a trier of fact is able to assess risk by consideration of the real-world facts underlying the conviction. *Contreras*, 328 So.3d at

---

[6] The court agrees with Respondents that the fact the Alabama Legislature amended § 13A-6-2(a)(3) in 2016 specifically to include "aggravated child abuse under Section 26-15-3.1" as a predicate felony for felony murder does not bolster Contreras's vagueness argument. Contreras's conduct was already covered, by the statute's residual clause, before the amendment. (*See* Doc. No. 9 at 21–22.)

922 (quoting *People v. Frandsen*, 33 Cal. App. 5th 1126, 1143, 245 Cal. Rptr. 3d 658, 673 (2019)). Finally, Contreras's counsel would have been aware that any claim challenging § 13A-6-2(a)(3)'s residual clause on vagueness grounds, if asserted on direct appeal, could not have been considered for appellate review, since such a claim would have been raised for the first time on appeal.

Thus, the court finds that *Johnson* and *Dimaya* were unavailable as guideposts suggesting to Contreras's counsel the possible viability of asserting a vagueness challenge to § 13A-6-2(a)(3)'s residual clause similar to the vagueness challenges to the residual clauses invalidated in those Supreme Court decisions. The same is true of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), where the Court extended its holdings in *Johnson* and *Dimaya* to convictions under 18 U.S.C. § 924(c) for use of a firearm during a crime of violence and held that 18 U.S.C. § 924(c)(3)(B)'s residual clause, like the residual clauses in the ACCA and 18 U.S.C. § 16(b), was unconstitutionally vague. *Davis*, 139 S. Ct. at 2324–25, 2336. *Davis* was a case decided well after Contreras's trial and direct appeal were completed.

Nor, at the time relevant to Contreras's case, was there a decision by an Alabama court suggesting the viability of a vagueness challenge to § 13A-6-2(a)(3)'s residual clause. Although the Alabama courts had not directly addressed the constitutionality of § 13A-6-2(a)(3)'s residual clause at the time of Contreras's trial and appeal, the Alabama Court of Criminal Appeals, in *Ex parte Mitchell*, 936 So. 2d 1094 (Ala. Crim. App. 2006), had endorsed a fact-based approach for determining whether a felony is "clearly dangerous to human life" under the statute's residual clause. *See* 936 So. 2d at 1101 ("Based on the

17

evolution of felony murder in Alabama and the overwhelming consensus that a fact-based approach should be used to determine whether an offense can furnish the predicate felony for felony murder, we join the majority of jurisdictions that have considered this issue. We agree with the Rhode Island Supreme Court: '[T]he better approach is for the trier of fact to consider the facts and circumstances of the particular case to determine if such felony was inherently dangerous in the manner and the circumstances in which it was committed . . . .' *State v. Stewart*, 663 A.2d [912], at 919 [(R.I. 1995)].") Thus, Alabama's approach, recognized by the Court of Criminal Appeals in *Ex parte Mitchell*, calls for consideration of real-world facts on the issue of clear dangerousness to human life. *See Contreras*, 328 So. 3d at 922–23. A lawyer does not perform deficiently by failing to assert novel claims predicting changes in the law or premised on legal points not yet recognized under the law at the time of counsel's representation. *Rambaran v. Sec'y, Dep't of Corr.*, 821 F.3d 1325, 1334 (11th Cir. 2016); *see also Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994) ("We have held many times that reasonably effective representation cannot and does not include a [r]equirement to make arguments based on predictions of how the law may develop."); *Funchess v. Wainwright*, 772 F.2d 683, 691 (11th Cir. 1985) ("The failure of counsel to anticipate that an otherwise valid jury instruction would later be deemed improper by the state judiciary does not constitute ineffective assistance of counsel."); *Sullivan v. Wainwright*, 695 F.2d 1306, 1309 (11th Cir. 1983) ("Counsel's failure to divine [a] judicial development . . . does not constitute ineffective assistance of counsel.").

Because Contreras's inability to show deficient performance by his counsel is, standing alone, sufficient to warrant rejection of his ineffective assistance of counsel claim,

he has demonstrated no entitlement to federal habeas relief, and his § 2254 petition is due to be denied.

## III.   CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS that the § 2254 petition be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice.

Additionally, it is ORDERED that the parties shall file any objections to this Recommendation by **March 8, 2024**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 23rd day of February, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE