IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| RAMIRO DELREAL CONTRERAS, ) <br> # 298525, ) <br>   ) <br>    Petitioner, ) <br>   ) <br> v. ) <br>   ) <br> JIMMY THOMAS, *et al.*, ) <br>   ) <br>    Respondents. ) | CIVIL CASE NO. 3:20-cv-1019-ECM <br> [WO] |

**MEMORANDUM OPINION and ORDER**

On February 23, 2024, the Magistrate Judge entered a Recommendation that Petitioner Ramiro Delreal Contreras' petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1) be denied without an evidentiary hearing and that this case be dismissed with prejudice. (Doc. 13). On March 8, 2024, the Petitioner timely filed objections to the Magistrate Judge's Recommendation. (Doc. 14).

After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and the Petitioner's objections, the Court concludes that the Petitioner's objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted, the Petitioner's § 2254 petition is due to be denied without an evidentiary hearing, and this action is due to be dismissed with prejudice.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject,

or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error.

To the extent the Petitioner reiterates the claims and factual assertions contained in his § 2254 petition, these general objections are reviewed for clear error and are due to be overruled. Additionally, the Petitioner makes many of same arguments that he already raised before the Magistrate Judge, and the Magistrate Judge considered and rejected those arguments in her well-reasoned Recommendation. The Petitioner has failed to show that the Magistrate Judge erred in her disposition of the Petitioner's arguments. Consequently, those objections are also due to be overruled.

The Petitioner specifically objects to the Magistrate Judge's conclusion that the United States Supreme Court's decisions in *Johnson v. United States*, 576 U.S. 591 (2015), and *Sessions v. Dimaya*, 584 U.S. 148 (2018), were "unavailable as guideposts suggesting to Contreras's counsel the possible viability of asserting a vagueness challenge to [Ala.

2

Code] § 13A-6-2(a)(3)'s residual clause similar to the vagueness challenges to the residual clauses invalidated by those Supreme Court decisions." (Doc. 14 at 4) (quoting doc. 13 at 17). The Petitioner contends that the law prior to *Johnson* and *Dimaya* concerning the right to due process and the void for vagueness doctrine indicated that there was a constitutional problem with § 13A-6-2(a)(3)'s residual clause.  However, the Petitioner does not sufficiently explain in his objections what this law was or how it establishes that the Magistrate Judge erred in her analysis or conclusions concerning the Petitioner's claim. The Court agrees with the Magistrate Judge's well-reasoned Recommendation that the Petitioner has failed to overcome the "doubly deferential" standard of review of the state court's decision rejecting his ineffective assistance of counsel claim on the merits. *See Burt v. Titlow*, 571 U.S. 12, 15 (2013); *Tanzi v. Sec'y, Fla. Dep't of Corr.*, 772 F.3d 664, 652 (11th Cir. 2014).  Consequently, the Petitioner's objections are due to be overruled.

Accordingly, upon an independent review of the record, and for good cause, it is

ORDERED as follows:

1. The Petitioner's objections (doc. 14) are OVERRULED;

2. The Recommendation of the Magistrate Judge (doc. 13) is ADOPTED;

3. The Petitioner's § 2254 petition (doc. 1) is DENIED without an evidentiary hearing;

4. This case is DISMISSED with prejudice.

A separate Final Judgment will be entered.

DONE this 12th day of March, 2024.

                        /s/ Emily C. Marks
                EMILY C. MARKS
                CHIEF UNITED STATES DISTRICT JUDGE